# UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JEFFREY N. POTTS, | ) | |
|       Plaintiff, | ) ) ) | |
| vs. | ) ) | No. CIV 05-433-JHP |
| FRANKLIN ELECTRIC COMPANY, | ) ) ) | |
|       Defendant. | ) ) | |

**ORDER**

Now before the court is Defendant's Motion for Summary Judgment, Plaintiff's Response to said motion and Defendant's Reply. Plaintiff filed this action for wrongful termination due to his request for leave pursuant to the Family Medical Leave Act ("FMLA"), 29 U.S.C. §§2601 - 2654. Plaintiff alleges he was terminated by his employer, Franklin Electric Company, on October 21, 2004, after approximately ten years employment for requesting leave under the FMLA. Defendant argues Plaintiff did not have a "serious health condition" which would entitle him to FMLA protection.

In general, summary judgment is proper where the pleadings depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. An issue of fact is "genuine" if the evidence is significantly probative or more than merely colorable such that a jury could reasonably return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). An issue is "material" if proof thereof might affect the outcome of the lawsuit as assessed from the controlling substantive law. Id. at 249.

In considering a motion for summary judgment, this court must examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Gray v. Phillips Petroleum Co.,* 858 F.2d 610, 613 (10th Cir. 1988). Furthermore, if on any part of the prima facie case there is insufficient evidence to require submission of the case to the jury, summary judgment is appropriate. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242 (1986). In

addition, one of the principal purposes of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and the rule should be interpreted in a way that allows it to accomplish this purpose. *Celotex Corp. v. Catrett*, 477 U.S. 317,323-24 (1986).

Plaintiff had been employed by Defendant for approximately ten years prior to his termination. In late September, or early October 2004, Plaintiff went to his dentist regarding sores in his mouth. At that time, Plaintiff's dentist told Plaintiff he believed Plaintiff had cancer of the mouth. Plaintiff alleges he notified the individual responsible for providing employees with all the necessary FMLA forms of the dentist's opinion, and that he anticipated needing FMLA leave for a biopsy and cancer treatment. That individual told Plaintiff when he needed the time off, to come in and she would have him fill out the FMLA paper work. This was the same procedure, and the same individual, Plaintiff utilized when he had invoked FMLA leave on a previous occasion. Plaintiff also contends he prepared a letter requesting an "emergency loan" against his 401(k), for the stated purpose of keeping his bills current while he was off on unpaid leave for his biopsy and cancer treatment. The procedure for obtaining such a loan was to give a letter stating the reason for the request to the Department of Human Resources, who would give it to the plant manager. The plant manager would then make the ultimate decision whether or not to grant the loan request. Defendant admits Plaintiff made a loan request, but denies it was in relation to Plaintiff's most recent request for FMLA leave. Plaintiff alleges he was terminated within 4 hours of the emergency loan request. Approximately two months after Plaintiff's termination, Plaintiff learned he did not in fact have oral cancer.

Defendant contends Plaintiff's termination was wholly unrelated to his anticipated diagnosis of oral cancer. Instead, Defendant contends that based upon an internal investigation, Plaintiff was terminated as the result of his inappropriate handling of an issue with a subordinate.

The FMLA prohibits an employer from interfering with or discriminating against an employee for exercising or attempting to exercise rights provided by the statute. 29 U.S.C. §2615(a)(1)

(interference)[1] ; § 2615(a)(2) (discrimination).[2] Plaintiff did not specifically assert in his complaint under which theory of recovery he brings his FMLA claim.

When an employee alleges interference with (or deprivation of) a substantive right granted by the FMLA pursuant to 29 U.S. C. §2615(a)(1), to prevail on his claim he must merely demonstrate by a preponderance of the evidence entitlement of the right; the employer's intent is immaterial. *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002). "To make out a prima facie claim for FMLA interference, a plaintiff must establish (1) that he was entitled to FMLA leave, (2) that some adverse action by the employer interfered with his right to take FMLA leave, and (3) that the employer's action was related to the exercise or attempted exercise of his FMLA rights." *Jones*, 427 F.3d at 1319, citing *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 877 (10th Cir. 2004).

Retaliation claims under the FMLA are covered by 29 U.S.C. §2615(a)(2). *See*, *Jones v. Denver Public Schools*, 427 F.3d 1315, 1323 n.2 (10th Cir. 2005); *Smith v. Diffee Ford-Lincoln-Mercury, Inc.*, 298 F.3d 955, 960 (10th Cir. 2002). In regard to retaliation claims, the plaintiff must demonstrate intentional discrimination to prevail. "To establish a prima facie FMLA retaliation claim, a plaintiff must show that (1) he availed himself of a protected right under the FMLA, (2) an employment decision adversely affected him, and (3) a causal connection between the two actions exists." *Jones*, at 1323 n.2, citing *Chavez v. Thomas & Betts Corp.*, 396 F.3d 1088, 1104 (10th Cir. 2005).[3]

Defendant argues Plaintiff was not eligible for FMLA leave because Plaintiff was not

---

[1] Section 2615(a)(1), which provides the basis for the entitlement or interference theory of recovery under the FMLA states: "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

[2] Section 2615(a)(2), which provides the basis for the retaliation or discrimination theory of recovery under the FMLA provides "[i]t shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter."

[3] As noted by one district court, "the courts have not been consistent when determining which section of the FMLA applies when the employee alleges she was terminated for taking FMLA-protected leave. *Musick v. Arvest Bank Operations, Inc.*, 2005 WL 2620554 (W.D.Okla. 2005) citing *Mann v. Mass. Correa Electric, J.V.*, 2002 WL 88915, at *5 (S.D.N.Y. Jan. 23, 2002).

3

ultimately diagnosed with cancer. Defendant's argument hinges on the FMLA requirement found at 29 C.F.R. §825.114 which requires an employee to have a "serious health condition" before entitlement to FMLA leave. This Court finds, however, the issue of whether Plaintiff was ultimately entitled to leave is immaterial to the issue of whether his employer interfered or retaliated against him for the "attempt to exercise" his rights under the statute.

Further, the FMLA defines an eligible employee as an employee who has been employed "(i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and (ii) for at least 1,250 hours of service with such employer during the previous 12-month period." 29 U.S.C. §2611(2)(A). In the instant case, it is undisputed that Plaintiff met this eligibility requirement as he had been employed by Defendant for approximately ten years. Defendant argues instead Plaintiff was not "eligible" because he did not ultimately qualify for FMLA leave.

Importantly, 29 U.S.C. §2615 (a ), does *not* say that employees must be "eligible," or "qualify" for leave, before they may file either an interference, or retaliation claim for requesting leave. This proscriptive section is in sharp contrast to the prescriptive provision in 29 U.S.C. §2612, which states that only "eligible" employees are entitled to FMLA leave. " It is also important to note that FMLA protects the "attempt" to exercise a right; thus §2615 can protect someone who mistakenly asks for FMLA leave although they may be ineligible." *Walker v. Elmore County Board of Education*, 223 F.Supp. 1255, 1259 (N.D.Ala. 2002).

Additionally, the FMLA implementing regulations make it clear that one need not even meet the initial eligibility requirements in order to suffer retaliation under the FMLA: "An employer is prohibited from discriminating against an employees or prospective employees who have used FMLA leave. For example . . . employers cannot use the taking of FMLA leave as a negative factor in employment actions, such as hiring, promotions or disciplinary actions . . ." 29 C.F.R. §825.220. Thus, a prospective employee, who is by definition not yet eligible for FMLA leave, would still be protected by the FMLA.

The regulations are also consistent with the statute. The FMLA requires employees to give notice to employers of leave requirements whenever possible. 29 U.S.C. §2612(e)(1) (employee must

give 30 days notice if leave is foreseeable).[4]  If courts were to read the FMLA to allow employers to dismiss ineligible employees who give advance notice of their need for FMLA leave, it would open a large loophole in the law and undermine the plain language and purpose of the notice requirement in §2612(e)(1).  *See, e.g.* Robbins v. Chronister, *435 F.3d 1238 (10th Cir. 2006) (in construing a statute, courts must give meaning to all the words in a statute).*  And, if employers were not bound by the FMLA before the employee is eligible, then the employee should not be required to give the employer any notice, undermining the clear intent of Congress as expressed in the language and structure of the FMLA.  *See* Id. *at 1241 (courts follow the unambiguous language of statutes).*  Therefore, where the employee, before he or she becomes eligible for FMLA leave, is putting the employer on notice of his or her intent to take FMLA leave after they become eligible for FMLA coverage, logic requires that the FMLA be read to require that the employee be permitted to make a charge against the employer for an adverse-employment action.[5]

This construction of the statute accords with basic rules of statutory interpretation.  It is clear from the text and context of the notice clause, 29 U.S.C. §2612(e)(1), that Congress intended to help and protect employers by insuring adequate notice of extended absences by employees. See 29 U.S.C. §2601(b)(3) (FMLA designed to accomplish its purposes "in a manner that accommodates the legitimate interests of employers").  It would be illogical to interpret the notice requirement in a way that requires employees to disclose requests for leave which would, in turn, expose them to

---

[4] Regulations promulgated by the Department of Labor require that an employee provide at least verbal notice to the employer of his or her desire to take FMLA leave. *29 C.F.R. § 825.302(a), © (2001); see also* Goodwin-Haulmark v. Menniger Clinic, Inc*., 76 F.Supp.2d 1235, 1241 (D.Kan. 1999) (citing §§ 825.302(a) and 825.302©).*  When requesting leave, the employee need not expressly assert his or her rights under the FMLA or even mention the FMLA so long as he or she provides the employer with sufficient information to determine that the FMLA might be invoked.  Id. §825.302©.

[5] This can be demonstrated by a hypothetical situation formulated by the court in Walker v. Elmore County Board of Education*, 223 F.Supp.2d 1255, 1260 (N.D. Ala. 2002)*: "Imagine an employee who starts work on January 1 of Year X.  If the employee were to discover on December 30 of Year X that she would require leave the following January 25, 29 U.S.C. §2612(e)(1) requires the employee to give her employer 30 days notice of her intent to take FMLA leave.  On the date the employee would require leave she would be FMLA-eligible.  It would be absurd to interpret the FMLA to allow the employer in this situation to retaliate against the employee, although the employee is clearly covered by the FMLA on December 30."

5

retaliation, or interference, for which they have no remedy. The court therefore concludes that some claims by an employee who may not ultimately qualify for FMLA leave may nonetheless be covered by the FMLA.

While Plaintiff in the instant case may not have ultimately been diagnosed with oral cancer, he contends based on his dentist's representations he believed he had cancer. Plaintiff believed, rightly so, that he was required to give his employer notice of his anticipated need for FMLA leave. As such, it would be both unjust and contrary to the structure of the FMLA to prohibit a person in Plaintiff's position from pursuing either an interference, or retaliation claim pursuant to 29 U.S.C. §2615(a).

However, while the court finds that it would have been a violation of the FMLA to discriminate or retaliate against Plaintiff for his mistaken request to take FMLA leave, the question still remains as to whether there is colorable evidence that Defendant did so.

In deciding summary judgment on an FMLA proscriptive claim charging retaliation, the court is guided by the burden-shifting framework developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973). See *Richmond v. ONEOK, Inc.*, 120 F.3d 205, 208 ((10th Cir. 1997). Under the McDonnell Douglas analysis, when the plaintiff charges retaliation, as Plaintiff does here, Plaintiff bears the initial burden of proving a prima facie case, which is established by showing "(1) he availed himself of a protected right under the FMLA; (2) he suffered an adverse employment decision; (3) there is a causal connection between the protected activity and the adverse employment decision."

If the employee establishes a prima facie case, the burden then shifts to the employer to rebut the presumption by producing sufficient evidence to raise a genuine issue of fact as to whether the employer retaliated against the employee. This may be done by the employer articulating a legitimate, non-retaliatory reason for the employment decision, which is clear, reasonably specific, and worthy of credence. The employer has a burden of production, not of persuasion, and thus does not have to persuade a court that it was actually motivated by the reason advanced. *McDonnell Douglas*, 411 U.S. at 802; *Texas Department of Community Affairs v. Burdine*, 450 U.S. 248, 253-55 (1981). "If the trier of fact finds that the elements of the prima facie case are supported by a preponderance of the evidence and the employer remains silent, the court must enter judgment for the plaintiff." *O'Connor v. Consolidated Coin Caterers Corp.*, 517 U.S. 308, 311 (1996).

Once the employer satisfies this burden of production, the employee then has the burden of persuading the court that the proffered reason for the employment decision is a pretext for retaliation. *See,* Gunnell v. Utah Valley State College*, 152 F.3d 1253, 1263 (10th Cir. 1998)(explaining that plaintiff asserting retaliation claim has the ultimate burden to demonstrate that the challenged employment decision was the result of intentional retaliation).* The employee may satisfy this burden either directly, by persuading the court that a retaliatory reason more likely motivated the employer, or indirectly, by persuading the court that the proffered reason for the employment decision is not worthy of belief. By so persuading the court, the employee satisfies his ultimate burden of demonstrating by a preponderance of the evidence that he has been the victim of unlawful retaliation. Burdine*, 450 U.S. at 256.*

As discussed above, Plaintiff availed himself of a protected right under the FMLA, and has met the other prima facie requirements. Defendant contends Plaintiff was terminated due to his inappropriate handling of an issue with a subordinate. Plaintiff contends this is a pretext for illegal discrimination due to the fact he had been employed with Defendant for ten years and was fired within days of his request for FMLA leave and within a few hours of his request for an emergency loan. *See,* Conner v. Schnuck Markets*, 121 F.3d 1390, 1395 (10th 1997)( protected conduct closely followed by adverse action may justify an inference of retaliatory motive).* Defendant also alleges the manager who terminated Plaintiff was not aware of Plaintiff's request for FMLA leave. In such a case, the manager would have necessarily been unable to retaliate for a matter of which he was unaware. Therefore, the court finds there remain questions for the trier of fact.

Accordingly, Defendant's Motion for Summary Judgment is denied.

IT IS SO ORDERED this 24th day of August 2006.

_____
James H. Payne
United States District Judge
Eastern District of Oklahoma

7